Edward S. Coleman, Esq., NSB 000601
C. Andrew Wariner, Esq., NSB 003228
COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 S. Gilespie Street, Suite A-106
Las Vegas, NV 89183-7614
Telephone: (702) 699-9000
Facsimile: (702) 699-9006
E-Mail: mail@coleman4law.com
*Attorneys for Debtor,*
*Edwin Takeuchi*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>EDWIN TAKEUCHI,<br><br>Debtor. | Case No. 09-18781-MKN<br><br>Chapter 13<br><br><br>Hearing Date: September 17, 2009<br>Hearing Time: 3:30 P.M. |

**MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF WILSHIRE CREDIT CORPORATION PURSUANT TO 11 U.S.C. § 506 (a) AND §1322**

TO: THE HONORABLE BANKRUPTCY JUDGE MIKE K. NAKAGAWA

    EDWIN TAKEUCHI (hereinafter referred to as "Debtor"), by and through his attorneys COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION, move this Court pursuant to 11 U.S.C. §506(a) AND §1322, and Bankruptcy Rules 3012 and 9014 and state:

**JURISDICTION**

    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157.

**STATEMENT OF FACTS**

    1.    Debtor filed a Voluntary Petition under Chapter 13, Title 11, of the United States

Page 1

1. Code, Case Number 09-18781 on May 27, 2009.

2. On the petition date, Debtor owned real property located at 6020 Star Point Court, North Las Vegas, Nevada, 89081(hereinafter referred to as "Subject Property").

3. The estimated value of the Subject Property was $150,000.00 at the time the instant petition was filed.

4. The current value of the Subject Property is $155,000.00 (see Residential Appraisal Report of the Subject Property, attached hereto as Exhibit "A").

5. At the time of filing the instant petition, the Subject Property was subject to the following liens:

    A. HOME EQ SERVICING, Account No. **xxxxxx8374**, (First Mortgage and/or First Deed of Trust): TWO HUNDRED EIGHTY NINE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($ 289,500.00).

    B. WILSHIRE CREDIT CORPORATION, Account No. **xxxxxx6008,** (Second Mortgage and/or Second Deed of Trust): SEVENTY SIX THOUSAND EIGHT HUNDRED SEVENTY THREE DOLLARS AND NINETY SEVEN CENTS. ($76,873.97).

6. Therefore, on the date the instant bankruptcy was filed, no equity existed in the Subject Property above the claims of HOME EQ SERVICING (First Mortgage and/or Deed of Trust): TWO HUNDRED EIGHTY NINE THOUSAND FIVE HUNDRED DOLLARS AND ZERO CENTS ($ 289,500.00), (ACCOUNT ENDING IN **8374**).

7. WILSHIRE CREDIT CORPORATION'S (Second Mortgage and/or Second Deed of Trust) claim was wholly unsecured on the date of the instant petition and if the Subject Property was sold at auction, WILSHIRE CREDIT CORPORATION (Second Mortgage and/or Deed of Trust) would receive nothing.

8. Accordingly, the Debtor requests that the Court find that WILSHIRE CREDIT

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006

1  CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of
2  Trust) claim is unsecured and should be reclassified as a general unsecured claim, subject to
3  allowance if disputed, to receive payments pro rata with other general unsecured creditors through
4  the Debtor's Chapter 13 Plan.

## LEGAL ARGUMENT

6  9.  11 U.S.C. §506(a) provides that a creditor's claim is only *secured* to the extent of
7  the property value: "a lien on property ... is a secured claim to the extent of the value of such
8  creditor's interest ... and is an unsecured claim to the extent that the value of such creditor's interest
9  is less than the amount of such allowed claim."

10  10.  In *In re Zimmer*, 313 F.3d 1220 (9th Cir.2002), the Court stated that a wholly
11  unsecured lien holder's claim can be modified and reclassified as a general unsecured claim
12  pursuant to 11 U.S.C. §506(a), despite the anti-modification language in §1322(b)(2) (1123(b)(5)).
13  Specifically, the Court held:

> Section 506(a) divides creditors' claims into "secured ....
> claims" and "unsecured claims." Although the conventional
> interpretation of "secured" might include any claim in which
> the creditor has a security interest in the Debtor's property,
> §506(a) makes clear that the status of a claim depends on the
> valuation of the property. An allowed claim of a creditor
> secured by a lien on property in which the estate has an interest
> ... is a secured claim to the extent of the value of such creditor's
> interest in the estate's interest in such property ... and is an
> unsecured claim to the extent that the value of such creditor's
> interest ... is less than the amount of such allowed claim.
>
> To put it more simply, a claim such as a mortgage is not a
> "secured claim" to the extent that it exceeds the value of the
> property that secures it. Under the Bankruptcy Code, "secured
> claim" is thus a term of art; not every claim that is secured by
> a lien on a property will be considered a "secured claim". Here,
> it is plain that PSB Lending's claim for the repayment of its
> loan is an unsecured claim, because its deed of trust is junior to
> the first deed of trust, and the value of the loan secured by the
> first deed of trust is greater than the value of the house.

Page 3

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006

11. Accordingly, since WILSHIRE CREDIT CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) claim is wholly unsecured (in that there is no extant equity above the first mortgage in the Subject Property), the Court should reclassify WILSHIRE CREDIT CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) claim to a general unsecured claim to receive payments pro rata with like unsecured creditors. WILSHIRE CREDIT CORPORATION (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) should also be stripped of its secured rights under State law since no maintainable security interest in the Subject Property exists.

12. Further, the Debtor is not required to file an adversary proceeding to achieve the requested relief herein. Debtor may bring a motion to "strip off" WILSHIRE CREDIT CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) consensual lien by motion. See *In re Williams,* 166 B.R.615 (Bankr.E.D.Va.1994), *In re Fuller,* 255 B.R. 300 (Bankr.W.D.Mich.2000), *In re Hoskins,* 262 B.R. 693 (Bankr.E.D.Mich.2001), *In re King,* 290 B.R. 641 (Bankr.C.D.Ill.2003), *In re Millspaugh,* 302 B.R. 90 (Bankr.D.Idaho 2003), *Dickey v. Ben. Fin. (In re Dickey)* 293 B.R. 360 (Bankr.M.D.Pa.2003), *In re Hill,* 304 B.R. 800 (Bankr.S.D. Ohio 2003); *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla.2003), *In re Fisher,* 289 B.R. 544 (Bankr.W.D.N.Y.2003), *In re Robert,* 313 B.R. 545 (Bankr.N.D.N.Y.2004), *In re Bennett,* 312 B.R. 843 (Bankr.W.D.Ky.2004). Instead, Debtor may bring the instant motion.

**WHEREFORE**, Debtor prays that this Court:

1. Find that WILSHIRE CREDIT CORPORATION (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) is not a holder of a lien on the Subject Property.

2. Immediately avoid, "strip off", cancel and extinguish WILSHIRE CREDIT CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006

1. Trust) wholly unsecured claim/lien from the Subject Property pursuant to 11 U.S.C. Section 506(a).

2. 3.  Reclassify WILSHIRE CREDIT CORPORATION'S (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) claim as a general unsecured claim, subject to allowance if disputed, to be paid pro rata with other general unsecured creditors through the Debtor's Chapter 13 Plan; and

3. 4.  Such other relief the Court finds appropriate.

DATED this 5th day August, 2009.

COLEMAN LAW ASSOCIATES, APLC


By:  /s/: C. Andrew Wariner
    EDWARD S. COLEMAN, ESQ.
    Nevada Bar No. 000601
    C. ANDREW WARINER, ESQ.
    Nevada Bar No. 003228
    9708 S. Gilespie Street, Suite A-106
    Las Vegas, NV 89183
    Attorneys for Debtor

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000  Facsimile (702) 699-9006

# LIST OF EXHIBITS

**EXHIBIT A:**

**RESIDENTIAL APPRAISAL REPORT**
Edwin Takeuchi
Case Number 09-18781-mkn
6020 Star Point Court
North Las Vegas, NV 89081

**EXHIBIT B:**

**PROOF OF CLAIM**
U.S. Bankruptcy Court Claim # 1 - filed by Creditor, WILSHIRE CREDIT CORPORATION, (ACCOUNT ENDING IN 6008; Second Mortgage and/or Second Deed of Trust) for Seventy-six thousand eight hundred seventy three dollars and ninety-seven cents. ($76,873.97)

COLEMAN LAW ASSOCIATES, A PROFESSIONAL LAW CORPORATION
9708 South Gilespie Street, Suite A-106
Las Vegas, NV 89183
Telephone (702) 699-9000   Facsimile (702) 699-9006